# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### Lexington Division

| | |
|---|---|
| Chris Pearl | ) |
|     *Plaintiff* | ) |
| | ) |
| v. | )   Case No. |
| | ) |
| Midland Funding, LLC | ) |
|     *Defendant* | ) |
| | ) |
| Serve: | ) |
| | ) |
|     Corporation Service Co. | ) |
|     2711 Centerville Road | ) |
|     Suite 400 | ) |
|     Wilmington, DE 19808 | ) |
| | **)** |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by a consumer seeking damages for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. Defendant, Midland Funding, LLC ("Midland"), violated the FDCPA by attempting to collect interest on a debt from Plaintiff, Chris Pearl, that is not authorized by agreement or permitted by law.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

4. Plaintiff, Chris Pearl, is a natural person who resides in Fayette County, Ky. Mr. Pearl is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

5. Defendant, Midland Funding, LLC, is a Delaware limited liability company,

which has not registered with the Kentucky Secretary of State, with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

6. Midland Funding, LLC ("Midland") is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Midland is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

7. On October 18, 2010, Midland filed suit against Plaintiff in Fayette Circuit Court, Case No. 10-CI-06012.

8. Midland's Complaint demanded recovery of a principal amount of $7,739.06.

9. The Complaint was based on a charged-off debt on a credit card originally issued by Chase Bank USA, N.A.

10. Mr. Pearl used the Chase credit card to make purchases for personal and household purposes.

11. The Midland Complaint against Mr. Pearl was an attempt to collect a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

12. On May 31, 2012 Midland sent Mr. Pearl a dunning letter that provides in pertinent part:

```
Chris Pearl
2025 Dorset Dr
Lexington KY 40504

        Re:   MIDLAND FUNDING LLC
              vs. Chris Pearl
              Fayette Circuit Court, Case No. 10-CI-6012
              Our File No. 10Y27913
              Amount Claimed Due: $10,061.20
```

(A copy of the May 31st letter is attached as Exhibit "A").

13. The $10,061.20 that Midland claimed was due in the May 31st letter is $2,322.14 more than the principal amount demanded in the Complaint Midland filed on October 18, 2010.

14. Assuming the $2,322.14 difference in the amount demanded in the May 31st letter is the result of simple interest added to the debt, this roughly equates to a simple interest rate in excess of 16% per annum.

15. On October 1, 2012, Midland moved for summary judgment against Mr. Pearl in Fayette Circuit Court, Case No. 10-CI-06012.

16. Mr. Pearl objected to the motion for summary judgment, which objection was heard in the Fayette Circuit Court on November 2, 2012. (A copy of Mr. Pearl's objection is attached as Exhibit "B").

17. Mr. Pearl argued in his written objection that Midland failed to meet its initial burden of proof under *Bruner v. Discover Bank*, 360 S.W.3d 774 (Ky. App. 2012), which holds that in order to prevail on a motion for summary judgment, a plaintiff/creditor must provide:

> (1) a bill of sale listing the name and account number of the defendant;
>
> (2) a document specifically detailing how the creditor/plaintiff reached the principal and interest amounts that it is suing for; and
>
> (3) documentary evidence that the defendant is in fact the person responsible for the debt.

*Id.* at 778.

18. Of great importance here, Mr. Pearl argued that "Midland's motion for summary judgment is completely devoid of any document to show how it calculated interest on the debt or what legal basis it has for imposing and charging [the $2,322.14 in] interest" it included in the May 31st letter."

19. In oral arguments before the trial court on November 2, 2012, undersigned counsel repeated the argument that Midland failed to meet its burden under *Bruner* to demonstrate its mathematical and legal bases for demanding interest in excess of 16% on the debt.

20. In response, Midland's counsel stated that Midland was not seeking the interest demanded in its May 31, 2012 letter in its motion for summary judgment.

21. Midland's statement in open court was a judicial admission that Midland is not entitled to the interest demanded in the May 31st dunning letter.

**Claims for Relief: Violation of the Fair Debt Collection Practices Act**

22. The foregoing acts and omissions of Midland Funding, LLC constitute violations of the FDCPA, including, but not limited to:

> (a) Midland violated 15 U.S.C. § 1692f(1) by attempting to collect a debt that is not permitted by law, including but not limited to (i) demanding in the May 31, 2012 dunning letter $2,322.14 in excess of the original amount demanded in its October 18, 2010 Complaint and (ii) imposing at interest on the debt in excess of 16% per annum without a legal or contractual basis to impose interest at this rate;

(b)     Midland violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and/or legal status of the debt by claiming in the May 31, 2012 dunning letter that the amount due on the alleged debt was $2,322.14 more than $7,739.06 Midland demanded in its Complaint filed on October 18, 2010, and (ii) demanding and including interest on a debt on which it had no right to charge interest; and

(c)     Midland violated 15 U.S.C. § 1692e(5) in its May 31, 2012 letter by threatening to take action that it could not legally take in connection with collecting a debt from Mr. Pearl, *i.e.* receive judgment in the amount of $10,061.20 in its favor in Fayette Circuit Court Case No. 10-CI-06012.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Chris Pearl, requests the Court grant him relief as follows:

a.     Award Plaintiff actual damages;

b.     Award Plaintiff statutory damages;

c.     Award Plaintiff reasonable attorney's fees and costs

d.     A trial by jury; and

e.     Such other relief as may be just and proper.


Respectfully Submitted,

_____
**Kenneth J. Henry**
Henry & Associates, PLLC
331 Townepark Circle, Suite 200
Louisville, KY 40243
(502) 245-9100
Email: ken@kennethhenrylaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
(502) 473-6525
Email: james@kyclc.com